IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| JASON R. SCOTT,<br><br>PLAINTIFF,<br><br>vs.<br><br>NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC.<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Jason R. Scott, (hereinafter "Plaintiff" or "Scott") by and through his attorney, L. Ashley Zubal, and for his Complaint against National Account Systems of Omaha, LLC (hereinafter "Defendant" or "National Account Systems"), alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

1

### III. PARTIES

3. Plaintiff, Scott, is a natural person residing in Madison County, Iowa.

4. Defendant, National Account Systems, is a business principally located in Nebraska who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV. FACTUAL ALLEGATIONS

7. On or about January 17, 2001, the Plaintiff incurred a financial obligation (hereinafter "debt") to First Federal Bank (n/k/a Great Southern Bank) that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. First Federal Bank filed a lawsuit in the Iowa District Court for Jasper, County seeking a judgment against Scott for breach of contract on or about December 26, 2002.

9. First Federal Bank obtained a judgment for the debt against the Plaintiff on or about March 4, 2003 the debt described in paragraph 7.

10. No voluntary or involuntary payments have been made on the debt since the date of said judgment.

11. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

12. The Defendant took affirmative steps to collect the debt, including but not limited to, actively reporting to credit reporting agencies including, but not limited to, Experian Information Solutions, Inc. (hereinafter "Experian"), Equifax, and Transunion (hereinafter collectively referred to as "Credit Reporting Agencies" or "CRAs").

13. The Defendant has regularly reported inaccurate information to the Credit Reporting Agencies.

14. The Plaintiff has sent written disputes to the Defendant as prescribed by 15 U.S.C. § 1681s-2(a)(8)(D) setting forth the Defendant's inaccurate reporting to the CRAs and asking that the same be corrected.

### *Furnishing Credit Information to Experian in June of 2013*

15. On or about June of 2013, the Defendant furnished consumer information to Experian.

16. Information furnished by the Defendant to Experian included, but was not limited to:

    a. Date Reported (06/2013)

    b. Date Assigned (01/2007)

    c. Creditor Name (Great Southern Bank)

    d. Original Amount Owed ($6,979)

    e. Date of First Delinquency (01/2007)

    f. Balance Owed ($12,151)

    g. Comments: (Returned check)

17. Information furnished by the Defendant in Paragraph 16, included information that was factually incorrect, including but not limited to:

    a. Original Amount Owed ($6,979)

    b. Date of First Delinquency (01/2007)

    c. Balance Owed ($12,151)

    d. Comments: (Returned check)

18. The reporting to Experian in June of 2013 fails to reflect that the Plaintiff has disputed the accuracy of the information reported as required by 15 U.S.C. § 1681s-2(a)(3).

19. The reporting to Experian in June of 2013 was an action taken by the Defendant in an attempt to collect a debt.

20. The furnishing of information to Experian by the Defendant was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. By furnishing inaccurate credit information regarding the Plaintiff to Experian in June of 2013, the Defendant is in violation of 15 U.S.C. §§ 1681s-2(a)(1)(A), 1681s-2(a)(1)(B), 1681s-2(a)(2), 1681s-2(a)(3), and 1681s-2(a)(8)(e).

22. The Plaintiff's credit reputation has been damaged by the Defendant furnishing inaccurate credit information regarding the Plaintiff to Experian in June of 2013.

23. The Plaintiff has been denied the extension of credit by the Defendant furnishing inaccurate credit information regarding the Plaintiff to Experian in June of 2013.

24. As a result of the Defendant furnishing inaccurate credit information regarding the Plaintiff to Experian in June of 2003, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, loss of sleep, and anger.

25. The furnishing of inaccurate credit information regarding the Plaintiff to Experian in June of 2003 by the Defendant an attempt to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

26. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(b), 537.7103(1)(c), 537.7103(1)(f), 537.7103(3)(a), 537.7103(4)(e), amongst others.

### *Telephone Communication on June 17, 2013*

27. On or about June 17, 2013, Scott contacted the Defendant by telephone to inquire about the inaccurate credit reporting.

28. Upon calling, Scott spoke with an Ed Jackson. After verifying the Scott's name, social security number and date of birth, Mr. Jackson transferred the Scott to his manager, Joe Sullivan, to assist with credit reporting concerns.

29. Mr. Sullivan verified with the Plaintiff the Defendant was attempting to collect on a judgment entered in favor of First Federal Bank against Scott in Jasper County, Iowa on or about March 04, 2003. Scott verbally disputed the trade-line reported by the Defendant asserting the trade-line was time barred as there was no

payment on the account since before the judgment, among other inaccuracies. Mr. Sullivan denied the credit reporting as inaccurate and stated the Defendant would continue to take action to collect on the judgment. Mr. Sullivan then began requesting Scott provide him various personal information requests such as his address, employer information and bank information. Scott refused to provide such information and eventually ended the phone call.

30. The Defendant has made no effort to investigate and respond to the Plaintiff's multiple disputes.

31. As a result of the telephone communication on June 17, 2013, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, loss of sleep, and anger.

32. The communications by the Defendant an attempt to collect a debt are in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

33. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(4)(e), amongst others.

## V. CAUSES OF ACTION
### COUNT I

### *Violation Of the Federal Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq.*

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendant, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of each and every one Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## COUNT II

### *Violation Of the Iowa Debt Collection Practices Act (IDCPA) Iowa Code § 537.7103 et seq.*

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendant, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

39. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

- For an award of actual damages pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;
- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;
- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and
- For such other and further relief as may be just and proper.

## COUNT III

### *Invasion of Privacy*

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The furnishing of inaccurate credit information regarding the Plaintiff to Experian in June of 2013 by the Defendant despite the Plaintiff's multiple requests that the Defendant stop furnishing said incorrect information, violated the Plaintiff's right to privacy.

42. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

43. The Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive and illegal conduct in the course of collecting a debt and thereby invaded and intruded upon Plaintiff's right to privacy.

44. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and or private concerns or affairs.

45. These intrusions and invasions by the Defendant occurred in a way that would be highly offensive to a reasonable person in the same position.

46. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff, Jason Scott, prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

### VIII JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

                                                  Respectfully submitted,

                                                  /s/ L. Ashley Zubal
                                                  L. Ashley Zubal IS9998256
                                                  Marks Law Firm, P.C.
                                                  4225 University Avenue
                                                  Des Moines, IA 50311
                                                  (515) 276-7211
                                                  (515) 276-6280
                                                  ATTORNEY FOR PLAINTIFF